NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GABRIEL ALI, | : | Civil No.: 05-2845 (DMC) |
| Plaintiff, | : | |
| v. | : | O P I N I O N |
| MR. FREEMAN, Supervisor, Tully House, and MR. FISH, Security, Pathmark, Inc. | : | |
| Defendants. | : | |

APPEARANCES:

Gabriel Ali, Pro Se
#304946A
CRAF/ E-Z-D
P.O. Box 7450
West Trenton, NJ 08625

**CAVANAUGH**, District Judge

    Plaintiff, Gabriel Ali, is currently confined at the Central Reception and Assignment Facility in West Trenton, New Jersey. He seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983, alleging violations of his constitutional rights.

    At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that while housed at the Tully House, a "halfway" house, he was working at the Pathmark supermarket and was charged with theft for allegedly stealing two packages of AA batteries. Plaintiff states that he did not steal the batteries, and provides a receipt evidencing that some exchange regarding batteries was made.[1] Defendant Freeman, the supervisor at the Tully House charged Plaintiff with theft, resulting in Plaintiff's loss of halfway house status. Plaintiff also seeks to sue Mr. Fish, a security guard at Pathmark for violating his due process rights, and for not having a union representative present during this incident, which resulted in his being fired. He states that defendant Fish entrapped him.

Plaintiff seeks a declaratory judgment that his rights were violated.

---

[1] The receipt lists three entries for "Rayovac Batt 5.69," but then subtracts $ 8.55 from the total cost, citing "3 @ 2.85 Rayovac."

**DISCUSSION**

A.  **Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

4

In this case, Plaintiff's claims against defendant Fish must be dismissed, as defendant Fish, as an employee of Pathmark, is not a person "acting under color of state law."

C.  **Plaintiff's Claims Will Be Dismissed.**

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In this case, to the extent that Plaintiff asserts that there was no probable cause to remove his halfway house status, Plaintiff challenges the fact of his physical imprisonment.  Therefore, in accordance with Preiser, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

Further, it is well-established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt v. Helms,

459 U.S. 460, 466-67 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976).

Governments, however, may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995)(finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest).

Plaintiff's allegation that he has been deprived of liberty without due process by being confined in a prison rather than a halfway house fails to state a claim. See Asquith v. Department of Corrections, 186 F.3d 407, 411-12 (3d Cir. 1999) (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed. An appropriate order follows.

_____
DENNIS M. CAVANAUGH
United States District Judge

Dated: 9-9-05